**W. K. HENDERSON IRON WORKS & SUPPLY CO. v. WILKINS. (No. 1519.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1915.)

1. PRINCIPAL AND AGENT ⊂=23 — FACT OF AGENCY.

Testimony that some one who answered defendant's telephone call for plaintiff company stated he was a manager, and that repairs would be made at the same prices the factory, at which the machinery was bought, would charge is insufficient to show that plaintiff contracted to make the repairs at factory price.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. ⊂=23.]

2. JUDGMENT ⊂=255—CONFORMITY TO EVIDENCE.

Where there was no evidence as to the reasonableness of a charge for repairs other than plaintiff's testimony that the charge was reasonable, the court cannot find a smaller sum to be a reasonable charge.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. ⊂=255.]

Appeal from Franklin County Court; O. L. Reaves, Judge.

Action by the W. K. Henderson Iron Works & Supply Company against J. M. Wilkins. There was a judgment for plaintiff for part of its claim, and it appeals. Reversed and remanded.

H. L. Wilkinson, of Mt. Vernon, for appellant. R. T. Wilkinson, of Mt. Vernon, for appellee.

HODGES, J. The appellant, a private corporation domiciled at Shreveport, La., sued the appellee to recover the sum of $225.-15 on account for repairing some machinery. The appellee admitted that the appellant had performed the services, but claimed that according to a contract previously made he only owed the sum of $150. In a trial before the court without a jury a judgment for the latter sum was rendered in favor of the appellant. From that judgment the appellant has appealed, claiming that it should have recovered the full amount sued for.

[1] The evidence shows that the appellee was operating an ice and light plant at Car-

thage, Tex., and, desiring to have his machinery repaired, called for the W. K. Henderson Iron Works & Supply Company over the long distance telephone. In a conversation with some one who answered and represented himself to be the manager of that company appellee stated the extent of the repairs he wished made, and had an agreement with that party that the charges would be the same as the factory prices for the same work.

The court found that there was a contract on the part of the appellant by which it was to charge the factory price for the work, and he further found that $150 was a reasonable price for the services performed. The appellant contends that both conclusions are unsupported by the evidence.

The only testimony as to the contract regarding the price was that of the appellee. He stated, in substance, that after his machinery was broken he went to the long distance telephone and called for the W. K. Henderson Iron Works & Supply Company, and, after explaining what was wanted, asked if it would repair the shaft for the same price that would be charged by the factory at Canton, Ohio; and that he was informed that the charges would be the same. He admits that he did not know the party with whom he talked, or whether that party had any connection with the appellant. He supposed the party was the manager because he said he was. This evidence is too unsatisfactory to support the conclusion that the appellant had contracted to repair for the factory price.

[2] The only testimony regarding the reasonableness of the claim was that of the appellant's witness W. S. Dunklin, who was the secretary of the company. He testified that the services rendered were reasonably worth the sum charged, $225.15. Under this evidence the court had no right to find that a smaller sum was a reasonable charge.

The judgment is therefore reversed and the cause remanded.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes